**Kate Suisman**, OSB #136435
kate@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JULIO REYES**,<br>**AURELIO PARRA** and<br>**CHRISTIAN SOSA,** individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**SK HOFF CONSTRUCTION, LLC**,<br>an Oregon limited liability company,<br>**SD DRYWALL AND INSULATION,<br>LLC.**, an Oregon limited liability<br>company, **SAUL NAVARRO**, an<br>individual, **UNIQUE<br>CONSTRUCTION INC.,** an Oregon<br>domestic business corporation and<br>**POWER CONSTRUCTION LLC**, an<br>Oregon limited liability company,<br><br>Defendants. | Case No.: 3:18-cv-1773<br><br>COMPLAINT<br><br>Fair Labor Standards Act<br>(29 U.S.C. §§ 201 *et seq*.),<br>Oregon Wage and Hour Laws,<br>Oregon Labor Contractor Law,<br>Breach of Contract<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT – 1

# I. INTRODUCTION

1.     Julio Reyes, Aurelio Parra, and Christian Sosa ("Plaintiffs") bring this action against SK Hoff Construction, LLC, SD Drywall and Insulation, LLC, Unique Construction Inc., and Power Construction LLC, (collectively, "Defendants") under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA") to collect unpaid wages. Plaintiffs seek overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2.     Plaintiffs also seek unpaid wages, penalty damages, and attorney fees for violations of Oregon wage and hour law under ORS 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

3.     Plaintiffs allege violations of Oregon labor contractor laws and penalty damages under ORS 658.410, 658.440, 658.453, 658.465, and 658.475.

4.     Defendants failed to pay Plaintiffs the agreed-upon wage for all the work they performed for Defendants. Plaintiffs therefore seek their unpaid wages and attorney fees under Oregon contract law.

# II. JURISDICTION

5.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

6.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original

COMPLAINT – 2

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

7.       Julio Reyes, Aurelio Parra and Christian Sosa are natural persons who were employed by Defendants in Portland, Multnomah County, Oregon.

8.       Defendant SK Hoff Construction, LLC ("SK Hoff") is an Oregon limited liability company operating a commercial and residential general contractor business. Its principal place of business is Beaverton, Washington County, Oregon.

9.       Defendant SD Drywall and Insulation, LLC ("SD Drywall") is an Oregon limited liability company operating a commercial and residential contractor business. Its principal place of business is Aloha, Washington County, Oregon.

10.       Defendant Saul Navarro ("Navarro") is a natural person and was a supervisor of Plaintiffs at all material times during the employment of Plaintiffs.

11.       Defendant Unique Construction Inc. ("Unique") is an Oregon domestic business corporation operating a general construction business. Its principal place of business is Beaverton, Washington County, Oregon.

12.       Defendant Power Construction LLC ("Power") is an Oregon limited liability company operating a general construction business. Its principal place of business is Tigard, Washington County, Oregon.

## IV. FACTS

13.       Plaintiffs were employed by Defendants to perform construction work at apartments located at 2929 SE Stark and SE 50th and Division, in Portland, Oregon ("Apartments").

COMPLAINT – 3

14.     Defendants SK Hoff and SD Drywall employed Plaintiff Reyes from on or about February 6, 2017, to on or about March 15, 2017, to install sheetrock in the Apartments.

15.     Defendants SK Hoff and SD Drywall employed Plaintiffs Parra and Sosa from on or about February 13, 2017, to on or about March 15, 2017, to install sheetrock in the Apartments.

16.     During Plaintiffs' employment with Defendants, Defendant Navarro acted directly in the interest of Defendant SD Drywall in managing Plaintiffs' employment.

17.     Defendant Navarro had the power to hire and fire employees, to set schedules, and to supervise the work of Defendant SD Drywall's employees.

18.      On April 2, 2018, the attorney of Defendant SD Drywall informed Plaintiffs' attorney that Defendants Unique and Power were subcontractors at one or both of the sites of the Apartments.

19.     According to the attorney of Defendant SD Drywall, Unique and Power provided sheetrocking services to SD Drywall and/or SK Hoff.

20.     According to the attorney of Defendant SD Drywall, Unique and Power were Plaintiffs' employers.

21.     Defendant SK Hoff is in the business of constructing buildings such as the Apartments.

22.     Installing sheetrock is an integral part of the business of constructing buildings such as the Apartments.

23.     Defendants SD Drywall, Unique and Power each recruited, solicited, supplied and/or employed construction workers, including Plaintiffs, to engage in sheetrock installation and related services for others in connection with construction of the Apartments.

COMPLAINT – 4

24.    Defendants SD Drywall, Unique and Power each received valuable remuneration for performing these activities.

25.    Defendant Navarro is the owner of Defendant SD Drywall.

26.    Defendant Navarro acted on behalf of Defendant SD Drywall in regards to Plaintiffs.

27.    None of Defendants SD Drywall, Navarro, Unique or Power had a labor contractor license with the Oregon Bureau of Labor and Industries at the time they recruited, solicited, supplied and/or employed workers in connection with the construction of the Apartments.

28.    Defendant Navarro personally recruited Plaintiffs.

29.    Defendant Navarro and Plaintiffs agreed that Plaintiffs were to be paid either $.20 per square feet of completed sheetrock or a flat rate of $20 per hour, depending on the difficulty of the work.

30.    Plaintiffs generally worked Mondays through Fridays, and sometimes Saturdays, from 7 a.m. to 5:00 p.m., with an hour for lunch from 11:00 a.m. to 12:00 p.m.

31.    Plaintiffs each installed about 1350 square feet of sheetrock a day.

32.    Defendant Navarro gave each Plaintiff $750 in cash for each week worked through March 10, 2017.

33.    During the course of Plaintiffs' employment with Defendants, Defendant SD Drywall acted directly and indirectly in the interests of Defendant SK Hoff in relation to Plaintiffs, including assigning and supervising Plaintiffs' work and making decisions regarding Plaintiffs' pay.

34.    Defendant SK Hoff employed Plaintiffs.

35.    Defendant SK Hoff controlled the scheduling of work to be performed on the

COMPLAINT – 5

Apartments and the hours during which Plaintiffs and other workers were permitted to work.

36.     Defendant SK Hoff prepared payroll which was used to pay Plaintiffs.

37.     Defendant SK Hoff provided materials for Plaintiffs' use.

38.     Defendant SK Hoff controlled access to the worksite.

39.     Defendants SK Hoff and SD Drywall jointly employed Plaintiffs for the purpose of wage payment protections under federal and Oregon state minimum wage and overtime laws.

40.     Based on information provided by the attorney of Defendant SD Drywall, Unique and Power also jointly employed Plaintiffs with Defendants SK Hoff and SD Drywall for the purpose of wage payment protections under federal and Oregon state minimum wage and overtime laws.

41.     Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce, or were employed by an enterprise engaged in interstate commerce.

42.     Plaintiffs were never paid the agreed-upon rate for hours worked.

43.     Plaintiffs worked more than 40 hours during the weeks of February 13, 2017, February 20, 2017, February 27, 2017, and March 6, 2017, and did not receive an overtime premium for hours worked more than 40.  Additionally, Plaintiff Reyes worked more than 40 hours during the week of February 6, 2017, and did not receive an overtime premium for hours worked more than 40.

44.     Plaintiffs were not paid for any hours worked from March 13, 2017, to March 15, 2017.

45.     Defendants' failure to pay Plaintiffs for the work week of March 13, 2017, resulted in Plaintiffs not being paid the minimum wage for that pay period.

46.       Defendants did not pay Plaintiffs their wages upon termination.

47.       The nonpayment of wages upon termination by Defendants was willful.

48.       Plaintiffs, through their attorney, sent Defendants SK Hoff and SD Drywall each a letter on January 18, 2018, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs were due.

49.       Defendant SD Drywall received Plaintiffs' letter on or around January 29, 2018.

50.       Defendant SK Hoff received Plaintiffs' letter on or around January 23, 2018.

51.       Plaintiffs, through their attorney, sent Defendants SK Hoff and SK Drywall each a second demand letter on March 28, 2018 complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs were due.

52.       Plaintiffs, through their attorney, sent Defendants Unique and Power each a demand letter to the addresses listed with the Construction Contractors Board on August 8, 2018, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs were due.

53.       The letter to Defendant Power was returned to Plaintiffs on August 16, 2018.

54.       The letter to Defendant Unique was returned to Plaintiffs on September 24, 2018.

55.       To date, none of the Defendants has paid Plaintiffs all their wages.

### V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA
### (All Defendants)

56.       Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

57.       Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

58.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

**Second Claim – Violation of Oregon Minimum Wage and Overtime Law**
**(All Defendants)**

59.     Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for hours worked in violation of ORS 653.025(2)(b).

60.     Defendants violated ORS 653.261 and its implementing regulations when they failed to pay Plaintiffs overtime wages at a rate of time and one half their hourly wage rate for all hours worked for Defendants in excess of forty hours per work week.

61.     Plaintiffs are entitled, under ORS 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

**Third Claim – Violation of Oregon Timely Payment of Wages Law**
**(All Defendants)**

62.     Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in ORS 652.140.

63.     Plaintiffs are entitled, under ORS 652.150, to recover penalty damages in an amount equal to 240 times their hourly rate, plus reasonable attorney fees and costs, for Defendants' failure to pay Plaintiffs' wages upon termination.

**Fourth Claim – Acting as Unlicensed Construction Labor Contractor**
**(Defendants SD Drywall, Navarro, Unique, and Power)**

64.     Defendants SD Drywall, Navarro, Unique Construction, and Power Construction each acted as a construction labor contractor in employing Plaintiffs in violation of ORS 658.410.

65.     Defendants SD Drywall, Navarro, Unique Construction, and Power Construction

violated ORS 658.440 in the following respects:

    a.  Failing to carry a labor contractor license while acting as a construction labor contractor;

    b.  Failing to comply with the terms and provisions of its employment contracts with

Plaintiffs;

    c.  Failing to provide Plaintiffs with written terms and condition of employment;

    d.  Failing to provide a written statement itemizing each payment made to Plaintiffs.

66.      Plaintiffs are each entitled, under ORS 658.453, to actual damages or $1,000,

whichever is greater, for each of Defendants' violations of ORS 658.440(1)(a) through (h), plus

attorneys' fees and costs.

67.      Plaintiffs have no adequate remedy at law.

68.      Plaintiffs are entitled, under ORS 658.475, to injunctive relief against Defendants,

as well as actual damages or $2,000, whichever amount is greater, and reasonable attorneys' fees

and costs, for each of Defendants' violations of ORS 658.440(1)(i) and (j), ORS 658.440(3)(e)

and 658.410.

### Fifth Claim – Using an Unlicensed Construction Labor Contractor
### (Defendants SK Hoff and SD Drywall)

69.      Defendants SK Hoff and SD Drywall each knowingly used the services of an

unlicensed labor contractor.

70.      Pursuant to ORS 658.415(7), Defendants SK Hoff and SD Drywall are each liable

to Plaintiffs for all unpaid wages for work performed on the Apartments and penalty wages

under ORS 652.150 and ORS 653.055.

71.      Pursuant to ORS 658.465(4) and 658.453(4), Defendants SK Hoff and SD Drywall

are each personally, jointly, and severally liable for the obligations of the other Defendants

specified in paragraphs 65 and 66.

COMPLAINT – 9

**Sixth Claim – Breach of Contract**
**(Defendants SD Drywall and Navarro)**

72.        Defendants SD Drywall and Navarro breached their contracts with Plaintiffs by failing to pay wage rates as agreed.

73.        Plaintiffs are entitled to damages incurred as a result of the breach of their employment contracts, and reasonable attorneys' fees and costs, for Defendants' breach of contract.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.        Award Plaintiffs their unpaid minimum wages pursuant to 29 U.S.C § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2.        Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

3.        Award Plaintiffs their unpaid minimum wages pursuant to ORS 653.025 and 653.055;

4.        Award Plaintiffs their unpaid overtime wages pursuant to ORS 653.261, OAR 839-020-0030 and ORS 653.055;

5.        Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to ORS 653.055, for failure to pay state minimum and overtime wages;

6.        Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' hourly wage pursuant to ORS 652.150, for failure to pay Plaintiffs' wages promptly upon termination;

7.        Award each Plaintiff actual damages or $1,000, whichever is greater, for each violations of ORS 658.440(1)(a) through (h);

8.        Award each Plaintiff actual damages or $2,000, whichever is greater, for each

violations of ORS 658.440(1)(i) and (j), ORS 658.440(3)(e) and 658.410;

9.      Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable

attorney fees and costs under 29 U.S.C. § 216(b), ORS 653.055, 652.200, 658.453 and 658.473;

10.     Award Plaintiffs their contractual damages;

11.     Enjoin Defendants from future violations of ORS 658.405, *et seq*.

12.     Award Plaintiffs pre-judgment interest on sums due under the state law claims

and post-judgment interest on all claims; and

13.     Award Plaintiffs such other relief as this Court deems just and proper.


Respectfully submitted this 4th day of October, 2018.


                                                                s/ Kate Suisman
                                                                **Kate Suisman**, OSB #136435
                                                                Attorney for Plaintiff

COMPLAINT – 11